UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL DEAN WELLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06CV1771(RWS) |
| | ) |
| BONNE TERRE MUNICIPAL COURT, | ) |
| | ) |
| Respondent. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Samuel Dean Wells for leave to commence this action without payment of the required filing fee [Doc. #2].[1]  See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee.  Therefore, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action filed in forma pauperis at any time if the action

---

[1]Although petitioner was confined at the St. Francois County Jail at the time he submitted the instant application for a writ of habeas corpus, petitioner contends that "inmate account procedures [of 28 U.S.C. § 1915(a)(2)] do not apply to him" because he is civilly detained.  Petitioner's fact allegations are at odds with his description of "civil detention," but the Court will not make petitioner submit his inmate account statement.

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se action under § 1915(e)(2)(B), the Court must give the action the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### Rule 4

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts further provides that the Court may *sua sponte* dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief in district court."

### The petition

Liberally construing the petition, the supplements, and

2

the exhibits, petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner appears to challenge the amount of bond he had to post for several "failure to appear" and other charges filed against him in municipal court. The bond amounts ranged from approximately $126.50 to $674.10. Petitioner questions why the same offense (e.g., failure to appear) resulted in a different bond amount than had been previously set. For example, petitioner wonders why the failure to appear bond he posted on January 24, 2005, was $240, but the failure to appear bond he posted on January 17, 2006, was $674.10.

## Discussion

The Court notes that there is no indication that petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254(b)(1)(A). An application for a writ of habeas corpus, however, may be denied on the merits, notwithstanding petitioner's failure to exhaust his available state remedies. 28 U.S.C. § 2254(b)(2). The instant petition should be dismissed because it does not allege any facts upon which habeas relief would be granted.

The eighth amendment proscribes bails that are excessive, not bail amounts that fluctuate. Moreover, the record presented to the Court by petitioner shows that petitioner had - on several occasions - failed to appear in municipal court to answer to charges filed against him. Given petitioner's apparently lax

attitude towards being summoned before the municipal court, it is not surprising - nor unreasonable - that the bond amount increased for each subsequent failure to appear. In sum, the facts alleged in the petition do not rise to the level of a violation of petitioner's constitutional rights.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of habeas corpus [Doc. #1] because the actopm is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B); Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

An appropriate order shall accompany this order and memorandum.

Dated this 1st day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE